UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ALVINO L. HILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CV-149-JRG-HBG |
| BEARDEN DRIVERS LICENSE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Alvino L. Hill brings this pro se civil rights action under 42 U.S.C. § 1983,[1] seeking injunctive relief [Docs. 2 and 2-1]. The sole named Defendant is the "Bearden Drivers License," which the Court deems to be the Knoxville/Knox County Driver License Reinstatement Center, 430 Montbrook Lane, Knoxville TN 37919. *See* Tennessee Department of Safety and Homeland Security, Driver Services division, online at https://www.tn.gov/safety/driver-services/locations/knox2.html (last visited Apr. 11, 2018). Plaintiff's application to proceed *in forma pauperis* reflects that, at present, he lacks the funds to pay the $400 civil filing fee; therefore, his application [Doc. 1] is **GRANTED** and he will not be required to pay the filing fee.

### I.    PLAINTIFF'S ALLEGATIONS

According to the allegations in the complaint, Plaintiff needs his drivers license to afford himself transportation and, despite his numerous efforts to have his drivers license reinstated, he has not realized that goal. For example, Plaintiff has visited several drivers license locations,

---

[1] Using the same preprinted complaint form, Plaintiff filed contemporaneously a three-page complaint and a five-page supplemental complaint [Docs. 2, 2-1]. The Court treats the two complaints as one pleading and fills in the gaps in the complaint with information and allegations contained in the supplemental complaint.

attempting to secure the reinstatement of his drivers license, has paid all outstanding indebtedness on the sixteen cars he has owned through the years, has paid many tickets—even tickets that were old and not listed on the computer or on paper, and has kept tabs on his tickets for years. Plaintiff contends that he has paid the fee for reinstatement of his license and the costs of printing the license and that, indeed, he has overcome many obstacles, including paying his debt to society by serving 10 years imprisonment and living 14 to 16 years on the street. Plaintiff "give[s his] word" that he is "fine" and that he "drive[s] well" and asks the Court to issue him a drivers license [Doc. 2-1 at 8].

## II. SCREENING

The Court must screen complaints filed by non-prisoners who are proceeding *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In performing this task, the Court recognizes that pro se pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the

relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court now screens the complaint to determine if Defendant should be served.

## III. LAW AND ANALYSIS

Based on the following law and reasoning, no service will be ordered on Defendant.

It is well settled that the Eleventh Amendment bars an action in a federal court against a State or a state agency unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *See, e.g. Welch v. Texas Dep't of Highways and Pub. Transp.,* 483 U.S. 468, 472-73 (1987); *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). This immunity extends to claims for injunctive relief. *See Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) (providing that "the [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief"). Congress did not abrogate Eleventh Amendment immunity by enacting § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979). Tennessee has not expressly waived its right to sovereign immunity. *See Gross v. Univ. of Tenn.*, 620 F.2d 109, 110 (6th Cir. 1980); *Anderson v. Univ. of Tenn.*, No. 3:15-CV-00513, 2017 WL 499981, at *2 (E.D. Tenn. Feb. 7, 2017) (observing that Tennessee has not waived its Eleventh Amendment immunity); *see also* Tenn. Code Ann. § 20-13-102(a).

The Tennessee Department of Safety & Homeland Security, a state agency of which the "Bearden Drivers License" is a branch, is entitled to immunity under the Eleventh Amendment. *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) ("[The Eleventh Amendment] bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Eckerman v. Tenn. Dep't of Safety*, 636 F.3d 202, 210 (6th Cir. 2010) (affirming summary judgment for predecessor state agency on Eleventh Amendment grounds); *Hazelwood v. Tenn. Dep't of Safety*, No. 3:05-CV-356, 2006 WL 752588, at *1 (E.D. Tenn. Mar. 22, 2006) (dismissing predecessor state agency as immune from suit under the Eleventh Amendment).

Therefore, Defendant enjoys Eleventh Amendment immunity from this suit and the Court has no jurisdiction over Plaintiff's claims against it. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344–45 (6th Cir. 2009) (finding that the Eleventh Amendment poses a jurisdictional bar that can be raised sua sponte) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)).

## IV. CONCLUSION

To sum up, this case will be **DISMISSED** because Defendant enjoys immunity under the Eleventh Amendment. 28 U.S.C. § 1915(e)(2). The case is not amenable to amendment. *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). In addition to the above, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* Fed. R.App. P. 24(a)(3).

**A SEPARATE JUDGMENT WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE